Jeffrey Francis Craft (SBN 147186)
jcraft@devlinlawfirm.com
DEVLIN LAW FIRM LLC
1731 Fox Springs Circle,
Newbury Park, CA 91320

Timothy Devlin (*pro hac vice* to be filed)
tdevlin@devlinlawfirm.com
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251

Attorney for Plaintiff
Anadex Data Communications LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| ANADEX DATA COMMUNICATIONS LLC, | Case No. 2:22-cv-1741 |
|---|---|
| Plaintiff, | **COMPLAINT FOR PATENT INFRINGEMENT** |
| v. | |
| THE HOME DEPOT, INC., | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

Plaintiff Anadex Data Communications LLC (referred to herein as "ADC" or "Plaintiff"), for its Complaint against Defendant The Home Depot, Inc., (referred to herein as "Home Depot" or "Defendant"), alleges the following:

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

## THE PARTIES

2. Plaintiff ADC is a limited liability company organized under the laws of the State of Texas with a place of business at 3107 Boardwalk, Atlantic City, NJ 08401.

3. Upon information and belief, Defendant Home Depot is a corporation organized under the laws of the State of Delaware with a primary place of business at 2455 Paces Ferry Road, Atlanta, Georgia 30339. Upon information and belief, Home Depot sells, offers to sell, and/or uses products and services throughout the United States, including in this judicial district, and introduces infringing products and services into the stream of commerce knowing that they would be sold and/or used in this judicial district and elsewhere in the United States. Specifically, Defendant sells and offers infringing products and services through their retail stores, one of which is located at 2055 N. Figueroa Street, Los Angeles, California 90065.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is proper in this judicial district under 28 U.S.C. § 1400(b).

7. This Court has personal jurisdiction over Home Depot under the laws

of the State of California, due at least to their substantial business in California and in this judicial district, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in the State of California.  Venue is also proper in this district because Home Depot has a regular and established place of business in this district.  For instance, Home Depot operates a store and distribution warehouse offering home improvement goods and services in this judicial district.  For example, Home Depot has a store located at 2055 N. Figueroa Street, Los Angeles, California 90065.  (*See, e.g.*, https://www.homedepot.com/l/Cypress-Park/CA/Los-Angeles/90065/6689.)

## BACKGROUND

### The Invention

8.     Marcin Zalewski is the inventor of U.S. patent No. 7,310,120 ("the '120 patent").  A true and correct copy of the '120 patent is attached as Exhibit A.

9.     The '120 patent resulted from the pioneering efforts of Marcin Zalewski (hereinafter "the Inventor") in the area of analog video conversion receivers.  These efforts resulted in development of a receiver which could receive and convert an analogue video signal and control the display of the video frames at the time of the invention in 2004.  At the time of these pioneering efforts, the most widely implemented technologies used to address controlling display of video signal frames were systems comprising a single frame buffer or systems comprising two frame buffers.  In single frame buffer systems, output could be affected by interferences unless input and output timers were synchronized.  This was problematic due to difficulties related to switching among input signals with different synchronization frequencies/phases. Systems with two frame buffers for double buffering where data was fetched into the first buffer and then copied to the

second buffer required copying of large amounts of data.  The Inventor conceived of the inventions claimed in the '120 patent as a way to reduce the interferences and allow a conversion of video frames in such a way that the output frequency could be either lower or higher than the input frequency.  (*See* '120 patent at 1:16-66.)

10. For example, the Inventor developed a receiver of analogue video signal having means for analogue video signal conversion.

**Advantage Over the Prior Art**

11. The patented invention disclosed in the '120 patent, provides many advantages over the prior art, and in particular improved the operations of analog video conversion receivers.  (*See* '120 patent at 2:1-2.)  One advantage of the patented invention is to eliminate the interferences and allowing a conversion of video frames frequency, in such a way that the output frequency can be either lower or higher than the input frequency.  (*See* '120 patent at 1:61-24.)

12. Another advantage of the patented invention is the avoidance of picture interference, as is needed for the transfer of large amount of data between separate frame buffers.  Thanks to data buffering in the queue of the frame buffers, and to the method of controlling it, problems with synchronization of the input signal frame timer with the of output signal frame timer, can be also avoided.  (*See* '120 patent at 3:12-18.)

13. Because of these significant advantages that can be achieved through the use of the patented invention, the '120 patent presents significant commercial value for companies like Home Depot.  Indeed, aspects of the present invention are widely applicable to the use and function of video home surveillance systems.

**Technological Innovation**

14. The patented invention disclosed in the '120 patent resolves technical problems related to of analog video conversion receivers, particularly problems

1  related to the utilization of frame buffering.  As the '120 patent explains, one of the
2  limitations of the prior art as regards analog video conversion receivers was that
3  controlling display of video signal frames comprised using a single frame buffer or
4  two frame buffers.  In single frame buffer systems, output could be affected by
5  interference unless input and output timers were synchronized.  Systems with two
6  frame buffers for double buffering where data was fetched into the first buffer and
7  then copied to the second buffer required copying of large amounts of data.  (*See*
8  '120 patent at 1:29-47.)

9      15.    The claims of the '120 patent do not merely recite the performance of
10  some well-known business practice from the pre-Internet world along with the
11  requirement to perform it on the Internet.  Instead, the claims of the '120 patent
12  recite inventive concepts that are deeply rooted in engineering technology and
13  overcome problems specifically arising out of how to eliminate video signal
14  display interferences and allow a conversion of video frames frequency, in such a
15  way that the output frequency can be either lower or higher than the input
16  frequency.

17      16.    In addition, the claims of the '120 patent recite inventive concepts that
18  improve the functioning of video home surveillance systems, particularly improved
19  performance of the video signal from a surveillance camera input to a user's output
20  device.

21      17.    Moreover, the claims of the '120 patent recite inventive concepts that
22  are not merely routine or conventional use of analog video conversion receivers.
23  Instead, the patented invention disclosed in the '120 patent provides a new and
24  novel solution to specific problems related to improving the frequency of video
25  frames.

26      18.    And finally, the patented invention disclosed in the '120 patent does
27  not preempt all the ways that analog video signal conversion may be used to

improve analog video conversion receivers, nor does the '120 patent preempt any other well-known or prior art technology.

19. Accordingly, the claims in the '120 patent recite a combination of elements sufficient to ensure that the claim in substance and in practice amounts to significantly more than a patent-ineligible abstract idea.

**Prior Litigation**

20. The '120 patent was previously litigated in the District Court for the Eastern District of Texas (*Anadex Data Communications LLC v. Lowe's Companies, Inc. et al.*, C.A. No. 4:21-cv-00523 (EDTX) and *Anadex Data Communications LLC v. Harbor Freight Tools USA, Inc.*, C.A. No. 4:21-cv-00524 (EDTX)) and in the District Court for the Western District of Texas (*Anadex Data Communications LLC v. Lorex Technology, Inc.*, C.A. No. 6:20-cv-00246 (WDTX) and *Anadex Data Communications LLC v. Compassion Consulting & Distribution, LP, d/b/a Top Dawg Electronics*, C.A. No. 6:20-cv-00236 (WDTX)) (collectively "Prior Litigation").

**COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,310,120**

21. The allegations set forth in the foregoing paragraphs 1 through 20 are incorporated into this First Claim for Relief.

22. On December 18, 2007, the '120 patent was duly and legally issued by the United States Patent and Trademark Office under the title "RECEIVER OF ANALOGUE VIDEO SIGNAL HAVING MEANS FOR ANALOGUE VIDEO SIGNAL CONVERSION AND METHOD FOR CONTROL OF DISPLAY OF VIDEO FRAMES."

23. ADC is the assignee and owner of the right, title and interest in and to the '120 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

24. Upon information and belief, Home Depot has and continues to

directly infringe one or more claims of the '120 patent by selling, offering to sell, making, using, and/or providing and causing to be used products, specifically one or more home security video surveillance camera and recorder, which by way of example include, without limitation, the ZOSI 16-Channel 1080p 4TB Hard Drive DVR Security Camera System with 16 Wired Bullet Cameras (https://www.homedepot.com/p/ZOSI-16-Channel-1080p-4TB-Hard-Drive-DVR-Security-Camera-System-with-16-Wired-Bullet-Cameras-16CK-261W16-40/315129919 (last accessed March 9, 2022)), Amcrest 8MP 4K UltraHD 4-Channel DVR Security DVR for Analog & IP Security Cams. with Remote Smartphone Access (https://www.homedepot.com/p/8MP-4K-UltraHD-4-Channel-DVR-Security-Security-DVR-for-Analog-IP-Security-Cams-Remote-Smartphone-Access-White-AMDV8M4-H5/317892584 (last accessed March 9, 2022)), Wisenet 8-Channel 4M 1TB DVR Surveillance System with 4-Wired Bullet Cameras (https://www.homedepot.com/p/Wisenet-8-Channel-4M-1TB-DVR-Surveillance-System-with-4-Wired-Bullet-Cameras-SDH-SF440-CUS/305847364 (last accessed March 9, 2022)), Revo Hybrid 8-Channel 1080p 1TB Smart DVR Security Camera System with 4 Wired Indoor/Outdoor IR Bullet Cameras (https://www.homedepot.com/p/Revo-Hybrid-8-Channel-1080p-1TB-Smart-DVR-Security-Camera-System-with-4-Wired-Indoor-Outdoor-IR-Bullet-Cameras-RUH81B4G-1T/315472286 (last accessed March 9, 2022)), LOOCAM H.265+ 8-Channel 1080p 2TB DVR Security Camera System with 6 HD 2.0MP Wired Bullet Cameras (https://www.homedepot.com/p/LOOCAM-H-265-8-Channel-1080p-2TB-DVR-Security-Camera-System-with-6-HD-2-0MP-Wired-Bullet-Cameras-88029T5/319929537 (last accessed March 10, 2022)), Swann DVR-4580 16-Channel 1080p 1TB DVR Security Camera System with Twelve 1080p Wired Bullet Cameras (https://www.homedepot.com/p/Swann-DVR-4580-16-Channel-1080p-1TB-DVR-Security-Camera-System-with-Twelve-1080p-Wired-Bullet-

Cameras-SWDVK-1645812WL-US/311538987 (last accessed March 9, 2022)), GW Security 16-Channel HD-Coaxial 8MP Surveillance Security Cameras System 4TB w/ 16 Wired 4K 4-in-1 Analog 2.8 mm Fixed Lens Turret (https://www.homedepot.com/p/GW-Security-16-Channel-HD-Coaxial-8MP-Surveillance-Security-Cameras-System-4TB-w-16-Wired-4K-4-in-1-Analog-2-8-mm-Fixed-Lens-Turret-GW977HD16-4T/318580991 (last accessed March 9, 2022), TOLEDO Wired 900 TVL Indoor/Outdoor Dome Standard Surveillance Camera with Night Vision (https://www.homedepot.com/p/TOLEDO-Wired-900-TVL-Indoor-Outdoor-Dome-Standard-Surveillance-Camera-with-Night-Vision-TVSK01/301530495 (last accessed March 9, 2022)), and Amcrest 4K UltraHD 8-CH 2TB AI DVR Security Camera System Recorder, 8MP Security DVR for Analog Security Cameras and IP Cameras (https://www.homedepot.com/p/4K-UltraHD-8-CH-2TB-AI-DVR-Security-Camera-System-Recorder-8MP-Security-DVR-for-Analog-Security-Cameras-and-IP-Cameras-AMDV7108-AI/317082095 (last accessed March 9, 2022)), and similar systems, products, and devices (the "Accused Instrumentalities").[1]

25. Upon information and belief, the Accused Instrumentalities infringe at least claim 1 of the '120 patent.

26. Claim 1[pre] of the '120 patent recites "A receiver of analogue video signal having means for analogue video signal conversion comprising . . . ."

27. The Accused Instrumentalities include a receiver of analogue video signal having means for analogue video signal conversion. For example, the

---

[1] ADC notes that the listed "Accused Instrumentalities" are not intended to be exhaustive. The present list of "Accused Instrumentalities" is necessarily preliminary in that ADC has not obtained substantial discovery from Home Depot nor has Home Depot disclosed any detailed analysis for its non-infringement position, if any. Thus, it would be improper for Home Depot to withhold otherwise responsive information regarding unlisted products on the basis that those products are not specifically named herein.

security camera DVR systems of the Accused Instrumentalities comprise a receiver of analogue video signals having means for signal conversion:



(https://www.homedepot.com/p/ZOSI-16-Channel-1080p-4TB-Hard-Drive-DVR-Security-Camera-System-with-16-Wired-Bullet-Cameras-16CK-261W16-40/315129919 (annotated) ("H.265+ 16CH 1080P HD DVR: with the advanced H. 265+ technology, which could double the data compression ratio, keep the high quality video even with low bit-rate, it allows you to maximize storage space and enjoy ultra-long recording."); *see also* https://www.homedepot.com/p/8MP-4K-UltraHD-4-Channel-DVR-Security-Security-DVR-for-Analog-IP-Security-Cams-Remote-Smartphone-Access-White-AMDV8M4-H5/317892584 ("the amcrest [sic] 8-megapixel surveillance DVR features uncompressed, latency free, point-to-

COMPLAINT FOR PATENT INFRINGEMENT                CASE NO. 2:22-CV-1741

point raw data, 4K UltraHD video transmission up to 3840 x 2160 at 7 fps supports 1080p and lower resolutions and 30 fps").)

28. Upon information and belief, the Accused Instrumentalities infringe claim 1[a] of the '120 patent. Claim 1[a] of the '120 patent recites "a receiving block for receiving a first analogue video signal of a first format . . . ."

29. The Accused Instrumentalities include a receiving block for receiving a first analogue video signal of a first format. For example, cameras in the Accused Instrumentalities' systems transmit an NTSC video signal to the receiver:



(https://www.homedepot.com/p/ZOSI-16-Channel-1080p-4TB-Hard-Drive-DVR-Security-Camera-System-with-16-Wired-Bullet-Cameras-16CK-261W16-40/315129919NTSC (annotated) (displaying Video Format as "PAL or NTSC").) NTSC is a well-known analog TV standard. (*See, e.g.*, vocal.com/video/analog-tv-standards (last accessed March 11, 2022) ("The major analog TV standards are NTSC, PAL and SECAM.").)

30. Upon information and belief, the Accused Instrumentalities infringe claim 1[b] of the '120 patent. Claim 1[b] of the '120 patent recites "a conversion block for conversion of the first analogue signal of the first format into a digital signal and connected to the receiving block . . . ."

31. The Accused Instrumentalities include a conversion block for conversion of the first analogue signal of the first format into a digital signal and connected to the receiving block. For example, the Accused Instrumentalities convert the analog signal to a digital signal for storage and/or remote access across a network:

9



(https://www.homedepot.com/p/ZOSI-16-Channel-1080p-4TB-Hard-Drive-DVR-Security-Camera-System-with-16-Wired-Bullet-Cameras-16CK-261W16-40/315129919NTSC (annotated) (displaying various possible digital display resolutions for playback).)  As a further example, the Accused Instrumentalities comprise advanced compression technology and "smart playback":

> "ZOSI surveillance systems are designed for your home and business with easy installation and operation.  ***The advanced H.265+ video compression technology provide you more faster loading speed, 50% less storage space and lower resource/data consumption.***  The system features Full HD night vision, human detection, Instant email/APP alerts, customize each camera with 4 different recording modes, *smart playback* & searching, etc.  With free ZOSI Smart App, you can keep tabs on what's happening at your home or business and watch the high-quality video on your Smartphone/Tablet/PC."

(*Id.*)

32.     Upon information and belief, the Accused Instrumentalities infringe claim 1[c] of the '120 patent.  Claim 1[c] of the '120 patent recites "a buffer controller of frames included in the digital signal connected to the conversion block and having frame buffers organized as a two-way list, a decoding frame controller and a displaying frame controller . . . ."

33.     The Accused Instrumentalities include a buffer controller of frames included in the digital signal connected to the conversion block, and having frame buffers organized as a two-way list, a decoding frame controller and a displaying frame controller.  For example, the Accused Instrumentalities offer user-adjustable video output resolution and live speed display, as well as user-adjustable record rate:

COMPLAINT FOR PATENT INFRINGEMENT                               CASE NO. 2:22-CV-1741

(https://www.homedepot.com/p/ZOSI-16-Channel-1080p-4TB-Hard-Drive-DVR-Security-Camera-System-with-16-Wired-Bullet-Cameras-16CK-261W16-40/315129919NTSC (annotated) (displaying various possible digital display resolutions for playback).) This type of functionality necessitates separate frame buffers for decoding and displaying, respectively, so that the frame buffers are organized as a two-way list. For instance, the two-way list potentially comprises a decoding frame buffer and displaying frame buffer, which would enable different rates for decoding and display, or different resolutions for decoding and display.

34. Upon information and belief, the Accused Instrumentalities infringe claim 1[d] of the '120 patent. Claim 1[d] of the '120 patent recites "a video coder for transforming the digital signal into a second analogue signal of a second format . . . ."

35. The Accused Instrumentalities include a video coder for transforming the digital signal into a second analogue signal of a second format. For example, the Accused Instrumentalities convert the digital signal to a second analogue signal for display, which could be a VGA or RCA signal depending on the version of the system and which receiver is included with said system:



(https://www.homedepot.com/p/ZOSI-16-Channel-1080p-4TB-Hard-Drive-DVR-Security-Camera-System-with-16-Wired-Bullet-Cameras-16CK-261W16-40/315129919NTSC (annotated) (displaying a VGA display interface and an RCA audio input/output).)

36. Upon information and belief, the Accused Instrumentalities infringe claim 1[e] of the '120 patent. Claim 1[e] of the '120 patent recites "a receiver for displaying the second analogue signal of the second format . . . ."

37. The Accused Instrumentalities include a receiver for displaying the second analogue signal of the second format. For example, the receiver block, which is located after the coder, comprises the electronics associated with preparing the second analogue coded signal disclosed in limitation 1[d] for display (VGA, RCA, etc.).

(https://www.homedepot.com/p/ZOSI-16-Channel-1080p-4TB-Hard-Drive-DVR-

12

COMPLAINT FOR PATENT INFRINGEMENT                                    CASE NO. 2:22-CV-1741

Security-Camera-System-with-16-Wired-Bullet-Cameras-16CK-261W16-40/315129919NTSC (annotated) (displaying a 15-pin VGA output port on the DVR system).) A user is then able to view the second analogue signal of the second format, for example on a monitor (*i.e.*, receiver). (*See id.* ("View and control your security system locally by connecting the system to a monitor . . . .").)

38. Upon information and belief, the Accused Instrumentalities infringe claim 1[f] of the '120 patent. Claim 1[f] of the '120 patent recites "a processor for data processing and controlling the receiving block, the conversion block, the buffer controller, the video coder and the receiver."

39. The Accused Instrumentalities include a processor for data processing and controlling the receiving block, the conversion block, the buffer controller, the video coder and the receiver. For example, the Accused Instrumentalities comprise a computer that runs, *inter alia*, the "Linux" operating system, functions based on installed firmware, includes memory for frame buffering and other functions, and includes an "[e]mbedded processor" (i.e., CPU).



(https://www.homedepot.com/p/ZOSI-16-Channel-1080p-4TB-Hard-Drive-DVR-Security-Camera-System-with-16-Wired-Bullet-Cameras-16CK-261W16-40/315129919NTSC (displaying a DVR system with a "Main Processor" and "Operating System").)

40. The Accused Instrumentalities infringed and continue to infringe at least claim 1 of the '120 patent during the pendency of the '120 patent.

41. ADC has been harmed by Home Depot's infringing activities.

# JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, ADC demands a trial by jury on all issues triable as such.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff ADC demands judgment for itself and against Home Depot as follows:

A. An adjudication that Home Depot has infringed the '120 patent;

B. An award of damages to be paid by Home Depot adequate to compensate ADC for Home Depot's past infringement of the '120 patent, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C. A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of ADC's reasonable attorneys' fees; and

D. An award to ADC of such further relief at law or in equity as the Court deems just and proper.

| | |
|---|---|
| Dated: March 16, 2022 | By: */s/ Jeffrey Francis Craft* |
| | Jeffrey Francis Craft (SBN 147186) |
| | jcraft@devlinlawfirm.com |
| | DEVLIN LAW FIRM LLC |
| | 1731 Fox Springs Circle, |
| | Newbury Park, CA 91320 |
| | |
| | Timothy Devlin (*pro hac vice* to be filed) |
| | tdevlin@devlinlawfirm.com |
| | DEVLIN LAW FIRM LLC |
| | 1526 Gilpin Avenue |
| | Wilmington, DE 19806 |
| | Telephone: (302) 449-9010 |
| | Facsimile: (302) 353-4251 |
| | |
| | Attorneys for Plaintiff |
| | Anadex Data Communications LLC |